## MARIO ZACCO v. ANTONIO FASOLO ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 159244

Memorandum filed February 17, 1969

*August & Turner,* of Simsbury, for the plaintiff.

*McKenna, Zito, Malliet & Caruso,* of Hartford, for the defendants.

RUBINOW, J. The plaintiff-buyer has brought this action for specific performance, based on a memorandum of agreement for the sale of real property. Analytically, the memorandum purports to be a bilateral contract: the sellers promise to convey the property upon receipt of $28,000 in cash; the buyer promises to pay the $28,000 in cash, if he can obtain a $20,000 mortgage.

The sellers claim that the buyer's promise is an illusory promise because the terms of the mortgage are not specified. Therefore, say the sellers, the memorandum does not comply with the Statute of Frauds, for all of the terms are not specified.

If this were a suit by the sellers against the buyer, the buyer might well make this claim. The Statute of Frauds, however, requires that the memorandum spell out only the obligation of "the party to be charged therewith." General Statutes § 52-550. This is the reason why an option to buy, signed by only the seller, is an enforceable obligation, even though it contains no promises by the buyer. The consideration which makes binding the sellers' promises in an option is the consideration which is given by the buyer for the option.

Similarly, in the instant case, even though the buyer's promise may be illusory, the sellers are, nevertheless, bound to perform their promise because, as recited in the memorandum, the buyer paid a $500 down payment to the sellers, and this serves as consideration for the promise of the sellers. "If something capable of operating as consideration is given, it matters not that other things also given as consideration are in themselves insufficient . . . ." Restatement, 1 Contracts § 84, comment c. Hence, if the buyer's promise is definite enough to be enforceable, the memorandum is a valid bilateral contract; if the buyer's promise is too indefinite to be enforceable, the sellers' promise in the memorandum is a binding offer for a unilateral contract, i.e. an option, in which the sellers agree to convey if they receive $28,000 on the date fixed in the contract.

Under each of these alternative constructions, the sellers do only what they were willing to do, i.e. convey upon receipt of the full agreed purchase price. Whether the buyer obtains the money from a mortgage or from some other source should be of no concern to the sellers. The condition concerning the mortgage is a condition of the buyer's promise, not of the sellers', and it is the sellers' promise which is now being sued upon.

The demurrer is overruled.